UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 2/19/2016

ELREAG O'DORLE SHARP,

          Plaintiff,

v.

PHYLLILS COVEN, *New York District Director of United States Citizenship and Immigration Services, et al.,*

          Defendants.

No. 14-CV-8408 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Elreag O'Dorle Sharp seeks a judgment declaring him to be a citizen of the United States pursuant to Section 360(a) of the Immigration and Nationality Act. 8 U.S.C. § 1503(a). Defendants Phyllis Coven, New York District Director of United States Citizenship and Immigration Services ("USCIS"), Leon Rodriguez, Director of USCIS, Loretta Lynch, Attorney General of the United States of America, and Jeh Johnson, Secretary of the United States Department of Homeland Security move to dismiss Plaintiff's action for lack of subject matter jurisdiction. For the reasons that follow, Defendants' motion is granted.

## BACKGROUND

Plaintiff, born in Honduras in 1977, asserts that he is entitled to derivative citizenship as the child of a United States Citizen, Latye O'Dorle. Third Am. Compl. ¶ 9 (hereinafter "Complaint" or "Compl."). After Plaintiff entered the country in 2005, United States immigration authorities initiated removal proceedings against him. *Id.* ¶ 10. On January 18, 2006, "immigration proceedings were administratively closed to allow" Plaintiff to file an application for citizenship, more commonly known as an N-600 application, which was subsequently rejected

on February 23, 2007. *Id.* ¶¶ 11–13. On April 5, 2007, Plaintiff purportedly received new "[c]ritical evidence necessary to establish his citizenship" from a response to a Freedom of Information Act request. Pl.'s Mem. 5. On July 17, 2007, Plaintiff asserts that he "exercised due diligence by promptly filing a second N-[6]00" incorporating this newly discovered evidence. *Id.*; Compl. ¶ 14. After USCIS denied this second application on January 3, 2011, Plaintiff's "removal proceedings were re-calendared by the Immigration Court" on October 4, 2011. Compl. ¶¶ 17–18. On August 11, 2012, Plaintiff filed a third application, which was also rejected, this time on December 4, 2012. *Id.* ¶ 19. On January 25, 2013, Plaintiff sought to reopen his second N-600 application, *id.* ¶ 20, a motion USCIS denied on March 27, 2013, *id.* ¶ 21.

According to Plaintiff, on May 29, 2014, his "removal proceedings were terminated to allow for the instant complaint." *Id.* ¶ 22. The Order of the Immigration Judge terminating the removal proceedings reflects only that the "[r]eason[] for [t]ermination [was] both parties' motion" and that the termination was "without prejudice." Compl. Ex. F. Plaintiff filed this action on October 21, 2014. He amended his complaint three times, most recently filing the Third Amended Complaint on July 28, 2015. Defendants filed the instant motion to dismiss on August 21, 2015.

## STANDARD OF REVIEW

"A district court properly dismisses an action under [Federal Rule of Civil Procedure] 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it.'" *Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.à.r.l*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010). "'A plaintiff asserting subject

2

matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" *Id.* (quoting *Makarova,* 201 F.3d at 113).

## DISCUSSION

Aliens may assert derivative citizenship claims in two ways. First, an alien may raise his citizenship as a defense in removal proceedings. "If the Immigration Judge rejects the defense and orders removal, the alien may, after exhausting administrative remedies, file a petition for review of the citizenship claim 'with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.'" *Colon v. U.S. Citizenship & Immigration Servs.*, No. 14-CV-6150, 2015 WL 5022632 (WHP), at *2 (S.D.N.Y. Aug. 11, 2015) (quoting 8 U.S.C. § 1252(b)(2)). Alternatively, an alien may proceed administratively by filing an N–600 application with USCIS. "'If the application is denied and all administrative appeals exhausted, the applicant may seek judicial review in a district court pursuant to 8 U.S.C. § 1503(a).'" *Id.* (quoting *Boyd v. Immigration & Customs Enforcement*, 344 F. Supp. 2d 869, 872 (E.D.N.Y. 2004)).

Plaintiff proceeds under the second option and "seeks a judgment declaring him to be a citizen of the United States pursuant to . . . 8 U.S.C. § 1503(a)." Pl.'s Mem. 1. Defendants move to dismiss this action for lack of subject matter jurisdiction, asserting that this case falls into one of 8 U.S.C. § 1503(a)'s exceptions to jurisdiction. The motion is granted.

Under 8 U.S.C. § 1503(a), district courts have subject matter jurisdiction to declare that an individual is a national of the United States, subject to two exceptions:

> [N]o such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding.

8 U.S.C. § 1503(a). Although there is no dispute that the second exception is not implicated here because removal proceedings are not ongoing, Defendants assert that the first exception deprives this Court of jurisdiction. In particular, Defendants argue that this Court lacks jurisdiction because the "issue" of Plaintiff's citizenship presented in his N-600 applications "arose . . . in connection with [the] removal proceeding." Defs.' Mem. 6–7 (quoting 8 U.S.C. § 1503(a)).

"Neither the Supreme Court nor the Second Circuit has addressed whether Section 1503(a)'s first jurisdictional exception . . . precludes an action such as the one at issue here." *Headley-Ombler v. Holder*, 985 F. Supp. 2d 379, 386 (E.D.N.Y. 2013). District courts in this circuit, however, are split as to the exception's breadth. The majority of courts have held, as Judge Pauley did in the *Colon* case, that "under the unambiguous language of the statute, an alien who raises the issue of citizenship during removal proceedings, whether those removal proceedings are pending or terminated, is barred from later bringing a Section 1503(a) declaratory judgment action, regardless of how much time has passed between any conclusion of removal proceedings and the initiation of the Section 1503(a) action." 2015 WL 5022632, at *3 (internal quotation marks and citation omitted); *see also Headley-Ombler*, 985 F. Supp. 2d at 387–88 ("[T]he phrase 'arose by reason of, or in connection with any removal proceeding' erects a strict jurisdictional bar to a Section 1503(a) action whenever an alien has raised a nationality defense during removal proceedings."); *Patino v. Chertoff*, 595 F. Supp. 2d 310, 313 (S.D.N.Y. 2009) (refusing to find jurisdiction when removal proceedings had not begun but were imminent); *Duran v. Reno*, No. 97-CV-3156 (DLC), 1998 WL 54611, at *3 (S.D.N.Y. Feb. 10, 1998), *aff'd*, 165 F.3d 13 (2d Cir. 1998) (finding no subject matter jurisdiction to review an N–600 filed during deportation proceedings because plaintiff was seeking to "circumvent" the regulations). Under this approach, an applicant for derivative citizenship who, like Plaintiff, filed an N-600 only after removal

proceedings were initiated against him would be forever ineligible for relief under Section 1503(a). *See, e.g., Colon*, 2015 WL 5022632, at *3. Such an individual could adjudicate a claim for derivative citizenship with the federal courts only through a petition to the circuit following a final order of removal. *See* 8 U.S.C. § 1252(b)(2). The Court agrees that this result is mandated by the clear language of the statute.

Plaintiff urges this Court to follow the reasoning set forth in *Henry v. Quarantillo*, 684 F. Supp. 2d 298 (E.D.N.Y. 2010), *aff'd*, 414 F. App'x 363 (2d Cir. 2011), in which the court held it had subject matter jurisdiction over a claim to citizenship that first arose during a removal proceeding. *Id.* at 304. In that court's view, the plain "reading of 'in connection with' goes too far in restricting removed persons from ever having a further opportunity to present their claims to . . . United States citizenship." *Id.* at 303–04. It thus concluded that an N-600 application was not filed "in connection with" removal proceedings if those "'removal proceedings ha[d] run their full course and terminated.'" *Id.* at 305 (quoting *Rios-Valenzuela v. Dep't of Homeland Sec.*, 506 F.3d 393, 399 (5th Cir. 2007)) (alteration in original); *see also Anees v. Napolitano*, 972 F. Supp. 2d 140, 145 (D. Mass. 2013).

Even if this Court were to follow the more lenient standard articulated in *Henry*, however, Plaintiff's claim would still fail. He argues that his case is analogous to that in *Henry* because "[r]emoval proceedings against the plaintiff were terminated on May 29, 2014," prior to the initiation of this lawsuit. Pl.'s Mem. 6. But Plaintiff ignores that in *Henry*, the "'removal proceedings ha[d] run their full course and terminated.'" 684 F. Supp. 2d at 305 (internal quotations and citation omitted) (alteration in original) ("[The] N-600 was filed well after removal proceedings had terminated."). The finality of the removal proceedings has similarly been cited by other courts that found that Section 1503(a)(1) did not bar jurisdiction following such a

proceeding. *See Anees*, 972 F. Supp. 2d at 145 (distinguishing between a "2002 habeas petition . . . which may have been connected with the 2002 removal proceedings, and the habeas petition filed . . . in 2010," long after the resolution of removal proceedings); *Benjamin v. Bureau of Customs*, 401 F. Supp. 2d 184, 185 (D. Conn. 2005) (noting that the plaintiff would still be able to file an N-600 "regardless of a final removal order").

Plaintiff here does not and cannot argue that his removal proceedings have run their full course. In his Complaint, he acknowledges that "the plaintiff's removal proceedings were terminated to allow for the instant complaint," Compl. ¶ 22, and that the order terminating the proceedings explicitly states that the termination is "without prejudice," *id.* Ex. F. Until the removal proceedings ultimately result in a final order, this Court lacks jurisdiction even under the standard articulated in *Henry*. Any ruling otherwise would impermissibly allow a plaintiff to "'use § 1503(a) to frustrate Congress's efforts to channel all appeals from removal proceeding—including those in which the alien raised claims of nationality—through 8 U.S.C. § 1252.'" *Colon*, 2015 WL 5022632, at *3 (quoting *Ortega v. Holder*, 592 F.3d 738, 743–44 (7th Cir. 2010)). This Court therefore lacks subject matter jurisdiction over this action.[1]

---

[1] Defendants also argue that the applicable statute of limitations and Plaintiff's failure to exhaust administrative remedies bar this action. Defs.' Mem. 8–9. Plaintiff responds that the statute of limitations should be equitably tolled, Pl.'s Mem. 5, and the Second Circuit's decision in *Poole v. Mukasey*, 522 F.3d 259 (2d Cir. 2008), permits this Court to excuse any failure to exhaust, Pl.'s Mem. 3. In light of the Court's decision that it lacks jurisdiction to adjudicate Plaintiff's claim, these alternative arguments need not be addressed.

## CONCLUSION

As this action arose "in connection with" Plaintiff's removal proceedings, the Court lacks subject matter jurisdiction over the claim. Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is therefore granted. The Clerk of Court is respectfully directed to close this action.

SO ORDERED.

Dated:   February 19, 2016
         New York, New York

Ronnie Abrams
United States District Judge